**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 26, 2012

Lyle W. Cayce
Clerk

No. 11-41345
Summary Calendar

ROBERT TROY MCCLURE,

Plaintiff-Appellant

v.

TYLER G. BOLES, Officer with Telford Unit,

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:11-CV-131

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Robert Troy McClure, Texas prisoner # 1420457, appeals the district court's grant of summary judgment in favor of the defendant and the dismissal without prejudice of his 42 U.S.C. § 1983 complaint. McClure also filed a motion for emergency review of his appeal, which this court treats as a motion to expedite his appeal. *See* 5TH CIR. RULE 34.5.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

as a matter of law." FED. R. CIV. P. 56(a).  We review the grant of a motion for summary judgment de novo.  *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011).  We read all facts and inferences in a light that is most favorable to the nonmovant.  *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010).  However, a nonmovant may not overcome the summary judgment standard with conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence.  *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007).

The district court determined that despite the requirements of 42 U.S.C. § 1997e(a), McClure failed to exhaust his administrative remedies before filing his civil rights complaint.  The evidence in the record supports this determination.  The dates McClure filed his Steps One and Two are immaterial as to whether he exhausted the prison grievance procedure before he filed suit because he had to complete both steps before he filed suit in order to have exhausted his administrative remedies.  *See Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004).  The summary judgment evidence shows that McClure did not do so.

McClure argues that the exhaustion requirement should be excused in his case because (1) his grievance # 2011171487 was an emergency life endangerment grievance but no investigation was conducted within three days, in violation of prison policy and (2) the grievance department interfered with the grievance procedure when the grievance investigator misinformed him that his Step One had been returned to him and ordered him to file his Step Two without his Step One, contrary to prison policy.  McClure did not present any evidence in the district court showing that prison policy that required that a grievance labeled an emergency life endangerment grievance must be investigated within three days or that such investigation must include an interview with the grieving prisoner.  Regardless of any misinformation or improper order, McClure did not allege or demonstrate below that he relied on this conduct to his detriment and, thus, his estoppel argument is meritless.  *See Dillon*, 596 F.3d

at 270.  As McClure conceded in the district court, his Step One subsequently was returned to him and he filed a Step Two that was processed.  The district court did not err in granting summary judgment in favor of the defendants.  *See* Rule 56(a).

The district court denied all pending motions when it granted the defendant's motion for summary judgment and dismissed the complaint without prejudice.  Because McClure was prohibited from bringing this unexhausted suit, *see* § 1997e(a), he has not shown that he was entitled to proceed with these motions.  As this order disposes of McClure's appeal on the merits, his motion to expedite the appeal is DISMISSED AS MOOT.  The judgment of the district court is AFFIRMED.